IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-mj-01125–MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY WAFFLE,

    Defendant.

___

ORDER FINDING PROBABLE CAUSE
___

    THIS MATTER came before the Court for a preliminary hearing on August 3, 2010. Present were the following: Judith Smith, Assistant United States Attorney; Scott Thomas Varholak, Assistant Federal Public Defender, counsel for the defendant; and the defendant ("Defendant"). The Court reviewed Exhibit A, the affidavit of Scott Hall, Senior Special Agent, U.S. Immigration and Customs Enforcement, and heard the testimony of Mr. Hall and the arguments of counsel.

    Defendant is charged with one count of traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), (e) and (f) ("Count One"), one count of aggravated sexual abuse with children in violation of 18 U.S.C. § 2241(c) ("Count Two") and one count of attempted coercion and enticement in violation of 18 U.S.C. § 2422(b) ("Count Three").

    Defendant asserts that probable cause has not been established for the following reasons: regarding Counts One, Two and Three, the statutes charged require a showing that an actual child was involved in the conduct alleged, as opposed to an undercover officer posing as a child; regarding Count Two, the statute charged requires the actual commission of a sexual act; and regarding Count Three, "sexual activity" as defined in the statute does not include masturbation.

    Pursuant to well-defined case law, "probable cause to arrest a suspect exists if, 'at the moment of the arrest, the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent officer in believing that the suspect had committed or was committing an offense.'" *United States v. Calp*, 113 Fed. Appx. 358, 361 (10th Cir. 2004) (quoting *United States v. Snow*, 82 F.3d 935, 942 (10th Cir. 1996)). For purposes of construing 18 U.S.C.

1

§ 2423(b), the Court has held that the "relevant inquiry . . . is not what [the defendant] knew. Rather it is what the arresting officers objectively knew when they apprehended [the defendant]." *Id.*

According to the Affidavit of Mr. Hall, at the time of Defendant's arrest, the arresting officers knew that Defendant was sixty-eight years old and had traveled to Colorado from Seattle for the purpose of having sex with a six-year-old. They further knew that Defendant met them at the designated spot in Colorado for the purpose of meeting the six-year-old prior to having sex with her. In addition, they knew that prior to traveling to Colorado, Defendant had communicated with a purported fourteen-year-old via instant messaging and had instructed her about how to masturbate and to perform oral sex on an adult.

Defendant's arguments have been rejected by the Tenth Circuit and other federal courts. More specifically, lack of involvement of an actual child has been rejected as a defense to charges under the statutes involved here. *See, e.g.*, *United States v. Sims*, 428 F.3d 945, 960 (10th Cir. 2005) ("[I]t is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved.") (citing *United States v. Root*, 296 F.3d 1222, 1231-32 (11th Cir. 2002)); *Calp,* 113 Fed. Appx. at 361-62; *United States v. Brenton-Farley*, 607 F.3d 1294, 1334 (11th Cir. 2010) (upholding convictions under §§ 2422(b) and 2241(c) for defendant who engaged in online correspondence with undercover officer posing as mother of minor daughter, and who traveled across state lines to meet child for sex). Moreover, courts have held that no actual sex act is required under 18 U.S.C. § 2241(c), as the plain language of the statute requires only that a defendant travel across state lines with the intent to engage in a sexual act and that the object of the sex act was less than twelve years old. *Brenton-Farley*, 607 F.3d at 1334 (holding that pursuant to section 2241(c), "the crime is crossing a state line with the requisite criminal intent"). I agree that the plain language of § 2241(c) so specifies. Finally, Defendant's argument regarding Count Three is equally unavailing. For purposes of 18 U.S.C. § 2422(b), "any sexual activity for which any person can be charged with a criminal offense" includes masturbation and oral sex pursuant to Colorado law, which prohibits use of a computer or instant messaging to entice a minor to "expose or touch the person's own or another person's intimate parts." Colo. Rev. Stat. § 18-3-405.4(1)(a). The Complaint alleges that Defendant persuaded, induced or enticed an individual whom he believed to be fourteen years old to masturbate and to perform oral sex on an adult.

Accordingly, I hereby FIND and ORDER that the government has sustained its burden of showing that there is probable cause to believe Defendant violated the statutes identified in the Complaint, and refer this matter to the District Court for further proceedings.

IT IS FURTHER ORDERED that a detention hearing shall be scheduled forthwith.

DATED and ENTERED this 4th day of August, 2010.

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix